### No. 294
### MILLER v. SCOTT

Ohio Appeals, 9th Dist., Summit County
No. 821. Decided Jan. 31, 1924

1123. SUBROGATION—Lien acquired by subrogation from paying mortgage held prior to subsequent judgment creditor.

WASHBURN, J.

#### Epitomized Opinion
Published Only in Ohio Law Abstract

Original action in equity in the Common Pleas brought by Clara F. Miller to enforce the lien of a judgment obtained by her against Alen R. Scott and Hazel M. Scott. Scott owned land on which there was a mortgage running to one Patterson. On Feb. 14, 1922, Miller filed suit on a claim against Scott. At that time Scott was negotiating a loan from his father-in-law, John Blank, with which to pay off the Patterson mortgage. On Feb. 16, 1922, the money was loaned by Blank to Scott and the mortgage to Patterson was paid. In return for the money loaned by Blank, Scott executed a mortgage on the land to Blank but not until June 7, 1922.

On July 10, 1922, Miller obtained judgment in her suit against Scott. An Aug. 10, 1922, the mortgage from Scott to Blank was filed for record. The judgment obtained by Miller became a lien on the land as of April 3, 1922, the first day of the term. Miller contended that her judgment lien was prior to the mortgage lien of Blank. Blank contended that he was entitled to be subrogated to the right of Patterson under the latter's mortgage, which of course antedated Miller's judgment. The case was brought on appeal to the Court of Appeals, which held:

It is clear that the transaction by Blank and Scott and Patterson was made in good faith. It is the rule that one who pays off a prior incumbrance upon property is entitled in equity to be subrogated to all the rights of the prior incumbrancer. This right will not prevail against an intervening bona fide purchaser without notice. A bona fide lien holder who acquired his lien after the release of the old mortgage, without notice. is not in the position of a bona fide purchaser. Her burdens

are not increased by the allowance of the subrogation. Blank is entitled to be subrogated to the lien of the Patterson mortgage. Miller's judgment lien attached subject to this equity of Blank's. Blank's equity will therefore prevail. Decree may be drawn accordingly.

Attorneys—J. M. Poulson, for Miller; Rockwell & Grant and J. C. Linton, for Scott et al.

### No. 295
### McMILLIAN v. ELYRIA HOSPITAL CO.

Ohio Appeals, 9th Dist., Lorain County
No. 260. Feb. 13, 1924

1235. VERDICT—Motion of defendant for a directed verdict will not be granted if plaintiff has given any evidence tending to prove his case.

PARDEE, J.

#### Epitomized Opinion
Published Only in Ohio Law Abstract

Original action for damages in the Common Pleas wherein L. D. BcMillan was plaintiff and the Elyria Memorial Hospital Co. was defendant. McMillan alleged that he was engaged for one year by the Hospital Co. as pathologist at a salary of $300 a month. The defense by the Hospital Co. was that its superintendent, who made the contract with McMillan, had no authority to make such a contract. From April 1 to Nov. 1, McMillan was paid $150 regularly twice a month. On Nov. 16th he received a check for $120. Upon complaint he was informed by letter from the president of the board of directors that salary adjustment was in charge of the superintendent. At the end of plaintiff's testimony, the defendant Hospital Co. contending that McMillan had given no evidence of authority in the superintendent to make the contract, moved for a directed verdict. This motion the trial court granted. McMillan prosecuted error. Held:

Whether there was any evidence of the superintendent's authority it is not necessary to decide. It is the opinion of this court that the payment to McMillan of $300 a month from April 1 to Nov. 1, was evidence which entitled him to go to the jury as to whether there was not an implient contract, independent of the alleged written contract, which would entitle him to $150 for the period from Nov. 1 to Nov. 15. The motion of defendant for a directed verdict was an admission of all the facts which the evidence in any degree tends to prove. 4 OS. 628. Judgment reversed and cause remanded.

Attorneys—A. L. Tillotson, Oberlin, for McMillan; R. F. Vandemark and Fauver & Cheny, Elyria, for Hospital Co.